**David HARRISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2867.**

Court of Appeals of Alaska.

Dec. 29, 1989.

---

David Harrison, Appellant pro se, and Chickaloon, Marcus B. Paine, Asst. Public Defender, Palmer, and John Salemi, Public Defender, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

David Harrison pled no contest to a charge of reckless driving in violation of AS 28.35.040. Reckless driving is a misde-meanor punishable by a fine of up to $1,000 and imprisonment for up to one year. AS 28.35.040(b). He reserved his right to appeal the district court's denial of his motion to dismiss the charge. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

On January 22, 1988, Alaska State Trooper Richard Terry observed Harrison speeding and otherwise driving in a reckless manner on the Glenn Highway near Sutton, Alaska. Trooper Terry activated his red lights and siren. Harrison continued driving and entered a residential area. Harrison stopped and exited his vehicle. Trooper Terry waited for an additional officer then approached Harrison. Harrison was subsequently charged with reckless driving.

Harrison moved to dismiss the charges on the ground that the Alaska state courts did not have jurisdiction over any criminal prosecution of him. He argued that as an Athabascan Indian and resident of the native village of Chickaloon, he was subject only to the jurisdiction of the Chickaloon Village Traditional Court. District Court Judge Peter Ashman denied the motion to dismiss. The court also denied Harrison's motion for reconsideration of this decision.

Harrison argues on appeal, as he did below, that as an Athabascan native who is a member of Chickaloon Village he is exempt from the jurisdiction of the courts of the State of Alaska.

Immunity for Alaska Natives and other native Americans who are members of tribes involves a complex area of the law, presenting many difficult and unsettled questions. *See Native Village of Stevens v. A.M.P.*, 757 P.2d 32 (Alaska 1988). Harrison's argument is difficult to follow. He seems to be arguing that because he is an Indian and a member of a tribe as those terms are used in federal Indian law, he cannot be prosecuted for a crime under state law no matter where it occurs. But this is plainly wrong. Harrison may be arguing that his offense took place in "Indian country", as that phrase is defined in federal law, and is therefore only prosecutable in an Indian court. *Cf. Petition of McCord*, 151 F.Supp. 132 (D.Alaska 1957)

(recognizing this defense) with *United States v. Booth*, 161 F.Supp. 269 (D.Alaska 1958) (rejecting it). While Harrison seems to assume that the entire State of Alaska is "Indian country," he does not specifically argue that he committed this offense in "Indian country." It is not necessary for us to determine whether Harrison's offense took place in "Indian country" or not because Congress has expressly made Alaska's state criminal law applicable in "Indian country," if it exists in Alaska, and gives Alaska's courts jurisdiction over offenses committed by Indians. *See People of South Naknek v. Bristol Bay Borough*, 466 F.Supp. 870, 877 (D.Alaska 1979) (noting that Congress reacted to *McCord* by expressly granting Alaska jurisdiction over offenses committed in Indian country). This particular case therefore presents an issue which has been explicitly settled by the Congress and the Supreme Court of the United States.

The United States Supreme Court recently ruled that "state laws may be applied to tribal Indians on their reservations if Congress has expressly so provided." *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 207, 107 S.Ct. 1083, 1087, 94 L.Ed.2d 244 (1987). In Public Law 280 § 2(a), codified at 18 U.S.C. § 1162(a) (1988), Congress expressly granted the courts of six states, including Alaska, criminal jurisdiction over specified areas of "Indian country." [1] The statute provides in part:

> Each of the States or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory:

| State or Territory of | Indian country affected |
|---|---|
| Alaska | All Indian country within the State, except that on Annette Islands, the Metlakatla Indian community may exercise jurisdiction over offenses committed by Indians in the same manner in which such jurisdiction may be exercised by Indian tribes in Indian country over which State jurisdiction has not been extended. |

18 U.S.C. § 1162(a) (1988).

A law that is criminal in nature is fully applicable to Native Americans under 18 U.S.C. § 1162(a). *Cabazon Band of Indians*, 480 U.S. at 208, 107 S.Ct. at 1088. Reckless driving is punishable by up to one year of imprisonment and clearly qualifies as a crime. *See State v. Browder*, 486 P.2d 925, 937 (Alaska 1971); *Baker v. City of Fairbanks*, 471 P.2d 386, 401–402 (Alaska 1970). It is clear, therefore, that Indian tribal courts do not have exclusive jurisdiction over criminal offenses committed by Alaska Natives in Alaska even if those offenses occur in "Indian country." [2]

The district court did not err in refusing to dismiss this case for lack of jurisdiction. The conviction is AFFIRMED.

---

**1.** 18 U.S.C. § 1151 (1988) defines "Indian country" as including:

> ....
>
> (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent; and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

**2.** Harrison may be arguing that tribal courts have concurrent jurisdiction with state courts. He seems to note that his case went to judgment in tribal court before it was resolved in state court. The issue of concurrent jurisdiction is not briefed, however, and we therefore decline to consider it.